## AGREEMENTS FOR THE BENEFIT OF THIRD PERSONS.

Common Pleas Court of Hamilton County.

MARY TILNEY V. THE BOARD OF EDUCATION, ETC. ET AL.

Decided July 12, 1921.

*Contractor for Excavation—Agrees With Owner of the Property to Protect Adjoining Lot by Shoring it Up—Agreement Enforcible by Owner of Adjoining Lot.*

An agreement based on a valid consideration, entered into by one person with another for the benefit of a third, can be enforced in Ohio by the said third person in his own name.

*Sanford Brown,* for the demurrer.
*Littleford & Ballard,* contra.

Heard on demurrer to petition.

DIXON, J.

The plaintiff is the owner of a lot with the improvements thereon, which adjoins on the east certain ground on West Seventh street in the city of Cincinnati, owned by the board of education and upon which it is erecting a building to be used for school purposes.

The petition alleges that the said board of education has entered into a contract for the erection of said school building with the defendant, Diedrich Meinken, and that:

"By the terms of this contract for and in consideration of $314,321 to be paid by the said board, the said Meinken agreed amongst other things to do all excavating necessary for the cellars and foundations of the aforesaid school building, and agreed to excavate to the depth of eighteen (18) feet immediately along the west line of the aforesaid building belonging to the plaintiff.

Furthermore, by the terms of the said contract, the two parties agreed for the benefit of this plaintiff that amongst the other work which the said Meinken was to do in consideration of the receipt of the aforesaid sum of money, was that he should shore up, underpin and protect the property of this plaintiff against damage by reason of said excavation aforesaid to the depth of eighteen (18) feet."

It is further claimed by plaintiff that the said Meinken contemplates making an excavation to the depth of eighteen feet adjoining plaintiff's premises, and that the board of education has notified plaintiff to protect her property to a depth of nine feet, and that the defendant, Meinken, threatens to excavate to said depth of eighteen feet without taking any steps, whatsoever, except below a depth of nine feet, to protect the property of the plaintiff, and that by doing so, he will commit a trespass on plaintiff's property and cause her irreparable injury·

In support of the demurrer, it is urged in the first place, that the board of education is without authority to make any contract to protect plaintiff's property against damage from its excavation, except, for such damage as may be caused by an excavation in excess of nine feet below the curb of the street, for the reason that Section 3782 and 3783, General Code, make it the duty of a property owner to protect his own property against damage from an excavation on an adjoining property to a depth of nine feet, and that therefore, any funds used to pay for the cost of such protection would be an unnecessary and uaauthorized expenditure of public funds.

If the undertaking·of the board of education for the benefit of the plaintiff, as set forth in the contract with Meinken; adds anything to the·cost of the work contemplated in the contract and is purely gratuitous on the part of the board of education, this contention would unquestionably have some merit, but until such facts are made to appear, we do not believe that it can or should be inferred that there is no consideration for this provision of the contract, and that the board of education is deliberately wasting the public funds entrusted to its control.

In the second place, it is claimed in support of the demurrer, that where two persons make a contract for the benefit of a third person, in order to enable such third person to sue the promisee. there must have been a legal duty owing to such third person by the promisor, or there must have been some prior right or claim against either of the contracting parties by which the third person has a legal right to enforce the performance of the agreement.

There will, no doubt, be found numerous authorities to sustain this contention in other jurisdictions, but in Ohio, it is well settled that an agreement made on a valid consideration by one person with another for the benefit of a third, can be enforced by the latter in his own name. See *Emmitt* v. *Brophy*, 42 Ohio St., 82, and cases cited therein.

For these reasons we believe that the petition states a good cause of action, and the demurrer is therefore overruled.